1              UNITED STATES DISTRICT COURT

2            SOUTHERN DISTRICT OF CALIFORNIA

3

4  UNITED STATES OF AMERICA,    )  Case no. 07CR2898-LEB
                                )
5          Plaintiff,           )  San Diego, California
                                )
6  vs.                          )  Monday,
                                )  December 17, 2007
7  JORGE DANIEL RAMIREZ-ARMAS   )  4:16 p.m.
   and VERONICA QUINTERO-       )
8  NAVARRO,                     )
                                )
9          Defendants.          )
   _____)

10                   TRANSCRIPT OF PROCEEDINGS
11         BEFORE THE HONORABLE BARBARA LYNN MAJOR
              UNITED STATES MAGISTRATE JUDGE
12
   APPEARANCES:
13
   For the Plaintiff:          REBECCA KANTER, ESQ.
14                             Assistant United States
                                 Attorney
15                             880 Front Street
                               San Diego, California 92101
16

17 For the Defendant           MICHAEL L. CROWLEY, ESQ.
   Ramirez-Armas:              550 West "C" Street
18                               Suite 1960
                               San Diego, California 92101
19                             (619) 444-8808

20
   For the Defendant           HOWARD B. FRANK, ESQ.
21 Quintero-Navarro:           Frank & Milchen
                               136 Redwood Street
22                             San Diego, California 92103
                               (619) 574-1888
23
   Transcript Ordered By:      MICHAEL CROWLEY, ESQ.
24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.

*Echo Reporting, Inc.*

ii

1  Transcriber:                    Sherri Lattuca
                                   Echo Reporting, Inc.
2                                  6336 Greenwich Drive, Suite B
                                   San Diego, California 92122
3                                  (858) 453-7590

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

1  <u>SAN DIEGO, CALIFORNIA  MONDAY, DECEMBER 17, 2007 4:16 P.M.</u>

2                          --oOo--

3      (Call to order of the Court.)

4          THE CLERK: Calling the add-on calendar, 07CR2898-

5  LEB, U.S.A. versus Jorge Daniel Ramirez-Armas and Veronica

6  Quintero-Navarro, on for change of plea hearing.

7          MR. CROWLEY:  Good afternoon, your Honor.  Michael

8  Crowley on behalf of Jorge Ramirez who I'm sure will be

9  present before the Court shortly.

10         THE COURT:  Great, thank you.

11         MR. FRANK:  Your Honor, Howard Frank on behalf of

12  Veronica Quintero.  She is in custody and has just now

13  entered your Honor's courtroom.

14         THE COURT:  Great, thank you.

15         MS. KANTER:  And good afternoon, your Honor.

16  Rebecca Kanter for the United States.

17         THE COURT:  Great, thank you.

18         MR. CROWLEY:  Mr. Ramirez is now present before

19  the Court in custody.

20         THE COURT:  All right, great.  All right, speaking

21  to both defendants, today is the day set for your guilty

22  plea.  We're going to start that process now.  On behalf of

23  the two defendants and the United States, is everybody

24  agreed that I can take these two pleas at the same time?  On

25  behalf of Defendant Ramirez?

2

```
 1          MR. CROWLEY:  Yes, your Honor.
 2          THE COURT:  Defendant Quintero?
 3          MR. FRANK:  Yes, your Honor.
 4          THE COURT:  Government?
 5          MS. KANTER:  Yes, your Honor.
 6          THE COURT:  All right, great, thank you.  I want
 7  both of you defendants to listen very carefully to
 8  everything that I have to say here.  I'm going to do my very
 9  best to try to make it clear to you what is happening here
10  today and whether or not I'm speaking to one of you or both
11  of you.
12          If however at any point during this proceeding you
13  do not understand what's going on, it's up to you to let me
14  know and it's okay to interrupt me to tell me that you don't
15  understand what's going on.  If I don't hear from you today,
16  I am going to assume that you understood everything that
17  happened here today.
18          Do you understand that, Mr. Ramirez?
19          DEFENDANT RAMIREZ-ARMAS:  Yeah, yes, your Honor.
20          THE COURT:  Ms. Quintero?
21          DEFENDANT QUINTERO-NAVARRO:  (Through interpreter)
22  Yes.
23          THE COURT:  All right.  I want you both to listen
24  very carefully to my courtroom deputy.  We're going to start
25  your change of plea now.
```

3

1          THE CLERK:  Please raise each of your right hands.

2      JORGE DANIEL RAMIREZ-ARMAS  -  DEFENDANT  -  SWORN

3      VERONICA QUINTERO-NAVARRO  -  DEFENDANT  -  SWORN

4          THE CLERK:  Thank you.

5          MR. CROWLEY:  Your Honor, with the permission of

6  the marshal, maybe if Mr. Ramirez, since he's just listening

7  to the English part, could move a little bit this way --

8          THE COURT:  Sure, why don't you come down closer

9  to me.

10         MR. CROWLEY:  Or switch them, yes.

11      (Pause.)

12         THE CLERK:  Jorge Daniel Ramirez-Armas, is that

13  your true name, sir?

14         DEFENDANT RAMIREZ-ARMAS:  Yes.

15         THE CLERK:  Veronica Quintero-Navarro, is that

16  your true name, ma'am?

17         DEFENDANT QUINTERO-NAVARRO:  Yes.

18         THE CLERK:  Speaking to each of you, do you now

19  desire to withdraw your former plea of not guilty to the one

20  count information charging you with importation of

21  methamphetamine in violation of Title 21 U.S.C. Sections 952

22  and 960; aiding and abetting, a felony in violation of Title

23  18 U.S.C. Section Two, and to plead guilty now, yes or no?

24  Mr. Ramirez?

25             DEFENDANT RAMIREZ-ARMAS:  Yes.

4

1          THE CLERK:  Ms. Quintero?

2          DEFENDANT QUINTERO-NAVARRO:  Yes.

3          THE CLERK:  Speaking to each of you, how do you

4    plead to the charges against you, guilty or not guilty?

5    Mr. Ramirez?

6          DEFENDANT RAMIREZ-ARMAS:  Guilty.

7          THE CLERK:  Ms. Quintero?

8          DEFENDANT QUINTERO-NAVARRO:  Guilty.

9          THE COURT:  Mr. Ramirez, how old are you, sir?

10         DEFENDANT RAMIREZ-ARMAS:  I'm 21.

11         THE COURT:  How far did you go in school?

12         DEFENDANT RAMIREZ-ARMAS:  Eleventh grade, ma'am.

13         THE COURT:  Here in the U.S.?

14         DEFENDANT RAMIREZ-ARMAS:  Yes.

15         THE COURT:  Do you read English fluently?

16         DEFENDANT RAMIREZ-ARMAS:  Yes.

17         THE COURT:  Have you taken any medication, drugs

18   or other substance within the past 72 hours?

19         DEFENDANT RAMIREZ-ARMAS:  No, your Honor.

20         THE COURT:  Ms. Quintero, how old are you, ma'am?

21         DEFENDANT QUINTERO-NAVARRO:  Twenty-two.

22         THE COURT:  How far did you go in school?

23         DEFENDANT QUINTERO-NAVARRO:  High school.

24         THE COURT:  Here in the United States or

25   elsewhere?

5

1          DEFENDANT QUINTERO-NAVARRO:  In Tijuana.

2          THE COURT:  Have you taken any medication, drugs

3  or other substance within the past 72 hours?

4          DEFENDANT QUINTERO-NAVARRO:  No.

5          THE COURT:  Speaking to both of you, I want to

6  remind each of you -- oh, did you place them under oath?

7          THE CLERK:  Yes, Judge.

8          THE COURT:  I want to remind each of you that you

9  just raised your right hand, agreed to tell the truth and

10 were placed under oath.  What that means is that you must

11 tell me the truth and if you do not tell me the truth, the

12 false answers that you give me could be used against you and

13 you could be charged with a totally separate crime called

14 perjury or making a false statement.  If you are convicted

15 of that crime, you could be sentenced up to five years in

16 custody and that would be in addition to any time that you

17 receive in this case.  So, it's extremely important that you

18 listen very carefully to everything I have to say, that you

19 think before you answer my questions, and that you answer my

20 questions truthfully.

21          Do you understand all of that?  Mr. Ramirez?

22          DEFENDANT RAMIREZ-ARMAS:  Yes.

23          THE COURT:  Ms. Quintero?

24          DEFENDANT QUINTERO-NAVARRO:  Yes.

25          THE COURT:  All right.  Speaking to both of you,

6

1    each of you has a right to have a district judge take your

2    guilty plea.  I am a magistrate judge.  In order for me to

3    take your guilty plea here today, you must give up your

4    right to appear in front of the district judge and authorize

5    me to go forward.  I have a two-page document entitled

6    "Consent to Rule 11 Plea in Felony Case Before a United

7    States Magistrate Judge", a separate one for each of you

8    that indicates that you want to give up that right and have

9    me take your plea today.

10            Speaking first to Mr. Ramirez; I'm showing you the

11    second page of your document.  There are three signatures

12    and the top one appears to be yours.  Is that your

13    signature, sir?

14            DEFENDANT RAMIREZ-ARMAS:  Yes.

15            THE COURT:  Before you signed this document, did

16    you read the entire document?

17            DEFENDANT RAMIREZ-ARMAS:  Yes.

18            THE COURT:  Did you have an opportunity to discuss

19    it with your lawyer?

20            DEFENDANT RAMIREZ-ARMAS:  Yes.

21            THE COURT:  Are you satisfied with the

22    representation you've received from your lawyer?

23            DEFENDANT RAMIREZ-ARMAS:  Yes.

24            THE COURT:  By signing this document, by what

25    you're saying to me here in court today, you are giving up

7

1 your right to have a district judge take your guilty plea

2 and you're authorizing me to go forward.  Is that what you

3 want to do?

4          DEFENDANT RAMIREZ-ARMAS:  Yes.  Yes, your Honor.

5          THE COURT:  Ms. Quintero, I'm showing you the

6 second page of your document.  There are three signatures on

7 it and the top one appears to be yours.  Is that your

8 signature, ma'am?

9          DEFENDANT QUINTERO-NAVARRO:  Yes.

10          THE COURT:  Before you signed this document, was

11 the entire document read to you in Spanish?

12          DEFENDANT QUINTERO-NAVARRO:  Yes.

13          THE COURT:  Did you have an opportunity to discuss

14 it with your lawyer?

15          DEFENDANT QUINTERO-NAVARRO:  Yes.

16          THE COURT:  Are you satisfied with the

17 representation you've received from your lawyer?

18          DEFENDANT QUINTERO-NAVARRO:  Yes.

19          THE COURT:  Are you -- or by signing this document

20 and by what you're saying to me here in court today, you are

21 giving up your right to have a district judge take this

22 guilty plea and you're authorizing me to go forward today.

23 Is that what you want to do?

24          DEFENDANT QUINTERO-NAVARRO:  Yes.

25          THE COURT:  All right, I'm speaking to both of

8

1  you.  I want you to listen carefully because you have some

2  very important constitutional rights that you are giving up

3  by pleading guilty.

4          You have the following constitutional rights.  You

5  have the right to persist in your plea of not guilty.  You

6  have the right to a speedy and public trial.  You have the

7  right to be tried by a jury, or you may give up that right

8  and have a judge try your case without a jury.  You have the

9  right to assistance of counsel throughout all proceedings,

10 including at trial.  If you cannot afford to pay an attorney

11 to represent you at trial, appointed counsel will represent

12 you through trial at no cost to you.

13         You have the right to confront and cross examine

14 the witnesses against you.  You have the right to present a

15 defense and the right to have witnesses subpoenaed to court

16 to testify on your behalf, and you have the right against

17 compelled self-incrimination, which means that you cannot be

18 forced to testify at any hearing or trial and the Government

19 may not comment upon your silence.

20         Do you understand that you have all of these

21 rights?  Mr. Ramirez?

22         DEFENDANT RAMIREZ-ARMAS:  Yes.

23         THE COURT:  Ms. Quintero?

24         DEFENDANT QUINTERO-NAVARRO:  Yes.

25         THE COURT:  If you plead guilty today, there will

9

1  be no trial and you will give up all of the rights I have

2  just told you about with the exception that your attorney

3  will continue to represent you through sentencing.  Is that

4  what you want to do?  Mr. Ramirez?

5           DEFENDANT RAMIREZ-ARMAS:  Yes.

6           THE COURT:  Ms. Quintero?

7           DEFENDANT QUINTERO-NAVARRO:  Yes.

8           THE COURT:  All right.  Each of you is pleading

9  guilty to the crime of importation of methamphetamine and

10 aiding and abetting.  The United States is required to prove

11 each and every element of that crime to a jury to a standard

12 called beyond a reasonable doubt.  By pleading guilty, you

13 will be admitting each and every element of the crime, so

14 it's important that you understand what those elements are.

15           There are two elements.  The first is, that you

16 intentionally brought methamphetamine into the United

17 States, and the second is that you knew that it was

18 methamphetamine or some other prohibited drug.

19           In addition, the amount and type of drug that you

20 imported affects the statutory maximum sentence that you are

21 facing.  In this case, it increases the statutory maximum

22 sentence.  It also imposes a mandatory minimum sentence and

23 it will affect the actual sentence that you will receive.

24 As a result, the United States is required to prove that

25 amount and type of drug to a jury beyond a reasonable doubt.

10

1          By pleading guilty, you will be admitting the

2    amount and type of drugs, specifically that you imported

3    approximately 7.2 kilograms of methamphetamine, and by

4    admitting that you will be subjecting yourself to increased

5    maximum penalties and a mandatory minimum sentence.

6          Do you understand all of that, Mr. Ramirez?

7          DEFENDANT RAMIREZ-ARMAS:  Yes, your Honor.

8          THE COURT:  Ms. Quintero?

9          DEFENDANT QUINTERO-NAVARRO:  Yes.

10          THE COURT:  Understanding all of that, do you

11    still want to plead guilty and admit both elements as well

12    as the amount of type and drug?  Mr. Ramirez?

13          DEFENDANT RAMIREZ-ARMAS:  Yes.

14          THE COURT:  Ms. Quintero?

15          DEFENDANT QUINTERO-NAVARRO:  Yes.

16          THE COURT:  By pleading guilty, each of you are

17    facing the following penalties.  You are facing a maximum

18    sentence of life in prison and a mandatory minimum sentence

19    of ten years.  You also are facing a maximum $4,000,000

20    fine, a mandatory special assessment of $100, and a term of

21    -- and a mandatory term of supervised release of five years.

22          Do you understand that those are the maximum and

23    mandatory minimum sentences that you are facing,

24    Mr. Ramirez?

25          DEFENDANT RAMIREZ-ARMAS:  Yes.

11

1          THE COURT:  Ms. Quintero?

2          DEFENDANT QUINTERO-NAVARRO:  Yes.

3          THE COURT:  Speaking to both of you still; if you

4    receive a custodial sentence, you will also receive a term

5    of supervised release that will follow that sentence.  That

6    means that when you are released from custody, you will have

7    to comply with certain terms and conditions imposed by the

8    sentencing judge.  If at any time during the period of

9    supervised release you are found to have violated your

10   conditions of supervised release, you could be imprisoned up

11   to the full term of the supervised release term and you

12   would not receive credit for time you served on the original

13   offense.

14          Do you understand all of that, Mr. Ramirez?

15          DEFENDANT RAMIREZ-ARMAS:  Yes.

16          THE COURT:  Ms. Quintero?

17          DEFENDANT QUINTERO-NAVARRO:  Yes.

18          THE COURT:  In addition, you need to understand

19   that if there are any other charges pending against you, or

20   if you currently are on probation, parole or supervised

21   release, the sentencing judge in this case will not have the

22   authority to order that any sentence imposed in this case

23   run concurrently or at the same time with any other sentence

24   that may later be imposed based upon a separate conviction

25   or a separate violation of your probation, parole or

12

1  supervised release.

2          In addition, if you are on probation, parole or

3  supervised release, your guilty plea here today may result

4  in a revocation of that status and you may be sentenced to

5  additional jail time in that case.

6          Do you understand that, Mr. Ramirez?

7          DEFENDANT RAMIREZ-ARMAS:  Yes.

8          THE COURT:  Ms. Quintero?

9          DEFENDANT QUINTERO-NAVARRO:  Yes.

10         THE COURT:  Are you a United States citizen,

11 Mr. Ramirez?

12         DEFENDANT RAMIREZ-ARMAS:  Yes, your Honor.

13         THE COURT:  Ms. Quintero?

14         MR. FRANK:  Your Honor, I believe Ms. Quintero is.

15 Although she was born in Tijuana, her biological father is a

16 United States citizen.  So I believe because of that that

17 she is a United States citizen.  She does understand,

18 however -- it has been -- I have read to her through an

19 interpreter that should she not be a United States citizen,

20 there is a provision in the plea agreement that calls for

21 her agreement to be deported or removed from the United

22 States.

23         THE COURT:  Do you understand everything your

24 attorney just said, ma'am?

25         DEFENDANT QUINTERO-NAVARRO:  Yes.

13

1          THE COURT:  What's the position of the United

2  States?

3          MS. KANTER:  For the record, your Honor, the

4  Government's position is that this defendant is a citizen of

5  Mexico.  She does carry a visa, border crossing visa, but

6  that she is a citizen of Mexico and used -- obtained the

7  visa because she's not a U.S. citizen.  So, it's the

8  Government's position she's immediately deportable on that

9  basis.

10         THE COURT:  Do you understand what the attorney

11 for the United States just said, ma'am?

12         DEFENDANT QUINTERO-NAVARRO:  Yes.

13         THE COURT:  All right.  So, I want you to

14 understand that if you are a citizen of the United States,

15 then you cannot be deported.  But if you are not a citizen

16 of the United States, by pleading guilty to this crime it is

17 likely that you will be deported or removed from the United

18 States.

19         In addition, in the plea agreement there's a

20 provision where you stipulate or agree that if you are not a

21 citizen of the United States, you will in fact be deported

22 or removed from the United States.  So, another direct

23 result of your guilty plea here today is that if you are not

24 a citizen, you will in fact be deported or removed from the

25 United States.

14

1          Do you understand all of that?

2          DEFENDANT QUINTERO-NAVARRO:  Yes.

3          THE COURT:  Speaking to both Defendants, each of

4  you is pleading guilty to a crime involving a controlled

5  substance.  As a result, you will immediately become

6  ineligible for certain Social Security benefits, including

7  benefits under the Food Stamp Program.

8          Do you understand that, Mr. Ramirez?

9          DEFENDANT RAMIREZ-ARMAS:  Yes.

10          THE COURT:  Ms. Quintero?

11          DEFENDANT QUINTERO-NAVARRO:  Yes.

12          THE COURT:  Speaking to both of you, understanding

13  then the maximum penalties that you are facing, the rights

14  that you have and are giving up, and all of the other

15  consequences of your guilty plea, do you still want to plead

16  guilty?  Mr. Ramirez?

17          DEFENDANT RAMIREZ-ARMAS:  Yes.

18          THE COURT:  Ms. Quintero?

19          DEFENDANT QUINTERO-NAVARRO:  Yes.

20          THE COURT:  Speaking to both of you, the

21  sentencing judge will consider the sentencing guidelines as

22  advisory in determining your sentence.  Have you discussed

23  with your attorney the sentencing guidelines and how they

24  may be used?  Mr. Ramirez?

25          DEFENDANT RAMIREZ-ARMAS:  Yes.

15

1          THE COURT:  Ms. Quintero?

2          DEFENDANT QUINTERO-NAVARRO:  Yes.

3          THE COURT:  Do you understand that the sentencing

4   guidelines are not mandatory and the sentencing judge is not

5   obligated to follow them in your case?  Mr. Ramirez?

6          DEFENDANT RAMIREZ-ARMAS:  Yes.

7          THE COURT:  Ms. Quintero?

8          DEFENDANT QUINTERO-NAVARRO:  Yes.

9          THE COURT:  Because the sentencing guidelines are

10  not binding on the Court, the sentencing judge may depart

11  from them and sentence you up to the statutory maximum in

12  this case.  Do you understand that, Mr. Ramirez?

13         DEFENDANT RAMIREZ-ARMAS:  Yes, your Honor.

14         THE COURT:  Ms. Quintero?

15         DEFENDANT QUINTERO-NAVARRO:  Yes.

16         THE COURT:  In addition, based upon the amount and

17  type of drug that you brought into the United States, you

18  are facing a mandatory minimum sentence of 10 years.  The

19  sentencing judge may impose that mandatory minimum sentence

20  even if the advisory sentencing guidelines advise a lower

21  sentence.  Do you understand that, Mr. Ramirez?

22         DEFENDANT RAMIREZ-ARMAS:  Yes.

23         THE COURT:  Ms. Quintero?

24         DEFENDANT QUINTERO-NAVARRO:  Yes.

25         THE COURT:  If the sentence you receive is more

16

1 severe than you expect, you will still be bound by your

2 guilty plea and you will not have a right to withdraw your

3 guilty plea.  Do you understand that, Mr. Ramirez?

4          DEFENDANT RAMIREZ-ARMAS:  Yes.

5          THE COURT:  Ms. Quintero?

6          DEFENDANT QUINTERO-NAVARRO:  Yes.

7          THE COURT:  I have a written plea agreement in

8 front of me, a separate one for each of you, and I'm going

9 to go through it with you separately.

10          Speaking first to Mr. Ramirez; counsel for

11 Mr. Ramirez, is the entirety of the agreement set forth in

12 this 13-page document?

13          MR. CROWLEY:  Yes, your Honor.

14          THE COURT:  Mr. Ramirez, I'm showing you a 13-page

15 document entitled "Plea Agreement."  On the last page there

16 are three signatures and the bottom one appears to be yours.

17 Is that your signature, sir?

18          DEFENDANT RAMIREZ-ARMAS:  Yes.

19          THE COURT:  This was signed in October; is that

20 correct?

21          MR. CROWLEY:  That's correct.

22          THE COURT:  All right.  Before you signed this

23 document, did you read the entire document?

24          DEFENDANT RAMIREZ-ARMAS:  Yes.

25          THE COURT:  Did you also have an opportunity to

17

1  discuss is with your lawyer?

2          DEFENDANT RAMIREZ-ARMAS:  Yes.

3          THE COURT:  If you had any questions about the

4  contents of this agreement, did your lawyer answer those

5  questions?

6          DEFENDANT RAMIREZ-ARMAS:  Yes.

7          THE COURT:  By placing your signature on the last

8  page, did that signify that you had read the entire

9  document, that you understood the entire document, and that

10 you agreed to be bound by all of the terms and conditions

11 set forth in the document?

12         DEFENDANT RAMIREZ-ARMAS:  Yes, your Honor.

13         THE COURT:  All right.  Speaking to Ms. Quintero

14 -- actually, first to Mr. Frank.  Is the entirety of the

15 agreement set forth in this 13-page plea agreement?

16         MR. FRANK:  Yes, your Honor.

17         THE COURT:  Ms. Quintero, I am showing you the

18 last page of a 13-page plea agreement.  There are three

19 signatures on it and the bottom one appears to be yours.  Is

20 that your signature, ma'am?

21         DEFENDANT QUINTERO-NAVARRO:  Yes.

22         THE COURT:  Before you signed this document, did

23 you read the -- or, excuse me, was the entire document read

24 to you in Spanish?

25         DEFENDANT QUINTERO-NAVARRO:  Yes.

18

1      THE COURT:  Did you have an opportunity to discuss

2 it with your lawyer?

3      DEFENDANT QUINTERO-NAVARRO:  Yes.

4      THE COURT:  If you had any questions about the

5 contents of the agreement, did your lawyer answer those

6 questions?

7      DEFENDANT QUINTERO-NAVARRO:  Yes.

8      THE COURT:  By placing your signature on the last

9 page then, did that signify that the entire document had

10 been read to you in Spanish, that you understood the entire

11 document, and that you agreed to be bound by all of the

12 terms and conditions set forth in the document?

13      DEFENDANT QUINTERO-NAVARRO:  Yes.

14      THE COURT:  Speaking to both defendants, each of

15 your plea agreements contains a provision entitled

16 "Defendant Waives Appeal and Collateral Attack."  Did you

17 discuss this provision with your lawyer?  Mr. Ramirez?

18      DEFENDANT RAMIREZ-ARMAS:  Yes.

19      THE COURT:  Ms. Quintero?

20      DEFENDANT QUINTERO-NAVARRO:  Yes.

21      THE COURT:  In this plea agreement, each of you

22 waives, to the full extent of the law, any right to appeal

23 or to collaterally attack the conviction and sentence,

24 including any restitution order, unless the Court imposes a

25 custodial sentence above the greater of the high end of the

19

1  guideline range recommended by the Government pursuant to

2  this agreement at the time of sentencing, or the statutory

3  mandatory minimum term.

4          Do you understand that provision, Mr. Ramirez?

5          DEFENDANT RAMIREZ-ARMAS:  Yes.

6          THE COURT:  Ms. Quintero?

7          DEFENDANT QUINTERO-NAVARRO:  Yes.

8          THE COURT:  And do you agree to be bound by it?

9  Mr. Ramirez?

10         DEFENDANT RAMIREZ-ARMAS:  Yes.

11         THE COURT:  Ms. Quintero?

12         DEFENDANT QUINTERO-NAVARRO:  Yes.

13         THE COURT:  Speaking to the defense counsel, have

14 you discussed this plea agreement thoroughly with your

15 client, including the provision regarding waiver of appeal

16 and collateral attack?  For Mr. Ramirez?

17         MR. CROWLEY:  Yes, your Honor.

18         THE COURT:  For Ms. Quintero?

19         MR. FRANK:  Yes, your Honor.

20         THE COURT:  And in your opinion, does your client

21 understand the plea agreement in its entirety?  For

22 Mr. Ramirez?

23         MR. CROWLEY:  I believe he does.

24         THE COURT:  For Ms. Quintero?

25         MR. FRANK:  Yes, your Honor.

20

1          THE COURT:  Speaking to both defendants, has

2  anyone promised you anything other than what's in the

3  written plea agreement in order to get you to plead guilty?

4  Mr. Ramirez?

5          DEFENDANT RAMIREZ-ARMAS:  No.

6          THE COURT:  Ms. Quintero?

7          DEFENDANT QUINTERO-NAVARRO:  No.

8          THE COURT:  Has anyone threatened you or forced

9  you to plead guilty?  Mr. Ramirez?

10          DEFENDANT RAMIREZ-ARMAS:  No.

11          THE COURT:  Ms. Quintero?

12          DEFENDANT QUINTERO-NAVARRO:  No.

13          THE COURT:  Are you pleading guilty to help any

14  person other than yourself?  Mr. Ramirez?

15          DEFENDANT RAMIREZ-ARMAS:  No.

16          THE COURT:  Ms. Quintero?

17          DEFENDANT QUINTERO-NAVARRO:  No.

18          THE COURT:  Is it true then that you are pleading

19  guilty because you are guilty and for no other reason?

20  Mr. Ramirez?

21          DEFENDANT RAMIREZ-ARMAS:  Yes.

22          THE COURT:  Ms. Quintero?

23          DEFENDANT QUINTERO-NAVARRO:  Yes.

24          THE COURT:  I'm now going to speak with each of

25  you individually about what it is that you did that makes

21

1   you guilty of this crime.  I want to remind you that you are

2   under oath so you must tell me the truth.

3          Speaking first to Mr. Ramirez; on or about

4   September 20th of this year did you knowingly and

5   intentionally drive a vehicle from Mexico into the United

6   States through the San Ysidro, California port of entry?

7          DEFENDANT RAMIREZ-ARMAS:  Yes.

8          THE COURT:  At the time that you drove that

9   vehicle into the United States, did you know that there was

10  methamphetamine hidden in the vehicle?

11         DEFENDANT RAMIREZ-ARMAS:  No, but other type of

12  drug, yes.

13         THE COURT:  All right.  So on that date you

14  knowingly and intentionally brought an illegal drug into the

15  United States, you just did not know precisely what type or

16  how much; is that a true statement?

17         DEFENDANT RAMIREZ-ARMAS:  Yes.

18         THE COURT:  Do you agree that the United States

19  could prove that the illegal drug that you brought into the

20  United States on that date was actually 7.2 kilograms of

21  methamphetamine?

22         DEFENDANT RAMIREZ-ARMAS:  Can you repeat that

23  question again?

24         THE COURT:  Yes.  I understand that you did not

25  know on that date how much drugs you had or what type.  But

22

1  the question I'm asking you is do you agree that the United

2  States could prove that on that date the drugs you brought

3  into the United States was methamphetamine and it weighed

4  approximately 7.2 kilograms?

5          DEFENDANT RAMIREZ-ARMAS:  Yeah, they can prove it,

6  yes.

7          THE COURT:  Great, that's what I -- that was the

8  question.

9          DEFENDANT RAMIREZ-ARMAS:  Sorry, your Honor.

10          THE COURT:  Is the United States satisfied with

11  the factual basis?

12          MS. KANTER:  Yes, your Honor.

13          THE COURT:  And counsel, is this plea made

14  voluntarily and with your concurrence?

15          MR. CROWLEY:  It is, your Honor.

16          THE COURT:  Speaking to Ms. Quintero now; ma'am,

17  on or about September 20th of this year, were you a

18  passenger in the vehicle driven by your co-defendant that

19  traveled from Mexico into the United States through the San

20  Ysidro, California port of entry?

21          DEFENDANT QUINTERO-NAVARRO:  Yes.

22          THE COURT:  At the time that you were riding in

23  that vehicle with your co-defendant, did you know that there

24  was methamphetamine hidden within the vehicle?

25          DEFENDANT QUINTERO-NAVARRO:  Marijuana, I don't

23

1   know.

2          THE COURT:  All right.  So on that day, was it

3   your intention to help bring marijuana into the United

4   States?

5          DEFENDANT QUINTERO-NAVARRO:  Yes.

6          THE COURT:  And what was it that you did to help

7   bring the illegal drugs into the United States?

8          MR. FRANK:  Your Honor, if I might assist;

9   Ms. Quintero knew that by riding as a passenger in a vehicle

10  that she knew contained contraband, that there would be a

11  better appearance at the port of entry to hopefully

12  facilitate easier entry into the United States without the

13  contraband being detected.

14         THE COURT:  Is what your attorney just said true

15  in all respects, ma'am?

16         DEFENDANT QUINTERO-NAVARRO:  Yes.

17         THE COURT:  All right.  So is it a true statement

18  that on that date you knowingly and intentionally tried to

19  bring marijuana into the United States?

20         DEFENDANT QUINTERO-NAVARRO:  Yes.

21         THE COURT:  Do you agree that the United States

22  could prove that instead of marijuana, the illegal drug that

23  you brought into the United States on that date was actually

24  methamphetamine?

25         DEFENDANT QUINTERO-NAVARRO:  Yes.

24

 1          THE COURT:  Do you also agree that the United

 2  States could prove that that methamphetamine that you

 3  brought into the United States weighed approximately 7.2

 4  kilograms?

 5          DEFENDANT QUINTERO-NAVARRO:  Yes.

 6          THE COURT:  Is the United States satisfied with

 7  the factual basis?

 8          MS. KANTER:  Yes, your Honor.

 9          THE COURT:  And counsel, again, is this plea made

10  voluntarily and with your concurrence?

11          MR. FRANK:  Yes, your Honor.

12          THE COURT:  Speaking to both defendants again;

13  understanding the maximum penalties that you are facing, the

14  mandatory minimum sentence that you are facing, the rights

15  that you have and are giving up, and all of the other

16  consequences of your guilty plea, do you still want to plead

17  guilty?  Mr. Ramirez?

18          DEFENDANT RAMIREZ-ARMAS:  Yes.

19          THE COURT:  Ms. Quintero?

20          DEFENDANT QUINTERO-NAVARRO:  Yes.

21          THE COURT:  How do you plead to the one count

22  information charging you with importation of methamphetamine

23  and aiding and abetting, guilty or not guilty?  Mr. Ramirez?

24          DEFENDANT RAMIREZ-ARMAS:  Oh, I missed it, your

25  Honor.

25

1          THE COURT:  How do you plead to the one count

2    information charging you with importation of methamphetamine

3    and aiding and abetting, guilty or not guilty?

4          DEFENDANT RAMIREZ-ARMAS:  Guilty.

5          THE COURT:  Ms. Quintero, how do you plead to the

6    one count information charging you with importation of

7    methamphetamine and aiding and abetting, guilty or not

8    guilty?

9          DEFENDANT QUINTERO-NAVARRO:  Guilty.

10         THE COURT:  Based upon everything that has

11   happened here in court today as well as all of the written

12   documents in front of me, I find that each of your guilty

13   pleas is made knowingly and voluntarily with a full

14   understanding of the nature of the charge, the rights that

15   you have and are giving up, and all of the other

16   consequences of your guilty plea.  I also find that there is

17   a factual basis for each of your guilty pleas and I

18   therefore recommend to the district judge, Judge Burns, that

19   he accept your guilty plea and I will set this for

20   sentencing in front of Judge Burns.  Each of you is ordered

21   to appear in Judge Burns' courtroom on March 3rd of 2008 at

22   9:20 a.m.

23         Do you understand that you must appear in Judge

24   Burns' courtroom on March 3rd at 9:30 a.m.?  Mr. Ramirez?

25         DEFENDANT RAMIREZ-ARMAS:  Yes.

26

1          THE COURT:  Ms. Quintero?

2          DEFENDANT QUINTERO-NAVARRO:  Is it for the

3  sentence?

4          THE COURT:  Yes.  So on March -- you must appear

5  in his courtroom on March 3rd at 9:30 a.m.  Do you

6  understand that?

7          DEFENDANT QUINTERO-NAVARRO:  Yes.

8          THE COURT:  Right.  I find -- speaking to both of

9  you, I find that the time between today and March 3rd is

10  excludable under the Speedy Trial Act on the grounds that

11  the district judge will be considering the proposed plea

12  agreement.  I hereby vacate any hearing dates other than the

13  sentencing hearing which I just set.  If there are any

14  motions filed, they are deemed withdrawn unless I heard

15  differently from counsel, and I order Probation to prepare a

16  pre-sentence report.

17          Anything else?

18          MR. CROWLEY:  Your Honor, there was a specific

19  trial date set for December 27th.  I just want to make sure

20  that that --

21          THE COURT:  Vacated.

22          MR. CROWLEY:  Yes, very good.

23          THE COURT:  Anything else?

24          MR. FRANK:  No, your Honor, thank you.

25          THE COURT:  Anything else?

27

1          MS. KANTER:  Nothing for me, your Honor.

2          THE COURT:  All right.  Thank you, everybody.

3   Good luck to the two defendants.

4        (Proceedings concluded.)

5

6          I certify that the foregoing is a correct

7   transcript to the best of my ability from the electronic

8   sound recording of the proceedings in the above-entitled

9   matter.

10

11   s/Sherri Lattuca              5/30/08
     Transcriber                   Date
12
     FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
13
     s/L.L. Francisco
14   L.L. Francisco, President
     Echo Reporting, Inc.
15

16

17

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*