```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA

              HONORABLE LARRY ALAN BURNS, JUDGE PRESIDING


UNITED STATES OF AMERICA,        )
                                 )
          PLAINTIFF,             )  CASE NO. 07CR02898-LAB
                                 )
     VS.                         )
                                 )  SAN DIEGO, CALIFORNIA
JORGE DANIEL RAMIREZ-ARMAS,      )  DECEMBER 17, 2007
VERONICA QUINTERO-NAVARRO,       )  2:00 P.M.
                                 )
          DEFENDANTS.            )
_____)


                       REPORTER'S TRANSCRIPT

                   MOTION HEARING, TRIAL SETTING

APPEARANCES:
FOR THE GOVERNMENT:          KAREN P. HEWITT, U.S. ATTORNEY
                             BY:  REBECCA KANTER, ESQ.
                             ASSISTANT U.S. ATTORNEY
                             880 FRONT STREET
                             SAN DIEGO, CA 92101

FOR DEFENDANT (1):           LAW OFFICE OF MICHAEL CROWLEY
                             BY:  MICHAEL L. CROWLEY, ESQ.
                             550 WEST C STREET
                             SAN DIEGO, CA 92101

FOR DEFENDANT (2):           FRANK & MILCHEN
                             BY:  HOWARD B. FRANK, ESQ.
                             136 REDWOOD STREET
                             SAN DIEGO, CA. 92103

COURT REPORTER:              EVA OEMICK
                             OFFICIAL COURT REPORTER
                             UNITED STATES COURTHOUSE
                             940 FRONT STREET, STE. 2190
                             SAN DIEGO, CA. 92101
                             TEL: (619) 615-3103
```

```
 1    SAN DIEGO, CALIFORNIA – MONDAY, DECEMBER 17, 2007, 2:00 P.M.
 2         THE CLERK:  NO. 29, 07CR02898, UNITED STATES OF
 3    AMERICA VERSUS JORGE DANIEL RAMIREZ-ARMAS AND VERONICA
 4    QUINTERO-NAVARRO FOR MOTION HEARING, TRIAL SETTING.
 5         THE COURT:  MR. FRANK.
 6         MR. FRANK:  GOOD MORNING.  IT WAS SUCH A LONG
 7    HEARING.
 8         YOUR HONOR, FOR THE RECORD, MS. QUINTERO IS NOW
 9    PRESENT BEFORE THE COURT.  WE HAD ANTICIPATED THE MANNER OF
10    PROCEEDING ON BEHALF OF BOTH DEFENDANTS WITH A PLEA OF GUILTY
11    BEFORE YOUR HONOR.
12         MR. CROWLEY, WHO PRESENTS MR. RAMIREZ, I UNDERSTAND
13    IS IN ANOTHER COURT AND EXPECTS TO BE HERE THIS AFTERNOON.  I
14    DON'T KNOW -- I WOULD IMAGINE YOUR HONOR'S PREFERENCE WOULD BE
15    TO PROCEED WITH BOTH DEFENDANTS AT THE SAME TIME.
16         THE COURT:  BEYOND THAT, WHAT I PREFER TO DO IS
17    JUDGE MAJOR IS TAKING PLEAS RIGHT NOW.  I PREFER THAT THIS
18    MATTER GO DOWN IN FRONT OF JUDGE MAJOR AND LET HER TAKE THE
19    PLEA IF THERE IS A PLEA TO BE TAKEN.
20         MR. FRANK:  WHATEVER THE COURT PREFERS, OF COURSE.
21    THERE ARE SOME ASPECTS OF THE PLEA AGREEMENT THAT BOTH
22    MR. CROWLEY AND I THOUGHT WOULD BE HELPFUL FROM OUR
23    PROSPECTIVE AND INSTRUCTIVE IF YOUR HONOR PRESIDED OVER THE
24    PLEA.
25         THE COURT:  FORECAST?
```

1  MR. FRANK: WELL, NOT NECESSARILY A FORECAST, BUT IF
2  THERE WAS A PROVISION OR TWO THAT WAS ESPECIALLY PROBLEMATIC
3  FOR THE COURT THAT WOULD BE HELPFUL FOR US TO KNOW AT THIS
4  POINT.
5  ON THE OTHER HAND, IF YOUR HONOR TRUSTS THE
6  ATTORNEYS FOR BOTH SIDES TO SUBMIT A JOINT RECOMMENDATION AND
7  WOULD OTHERWISE, OF COURSE PENDING A PROBATION REPORT, BE
8  COMFORTABLE WITH WHAT'S RECOMMENDED, THAT WOULD ALLEVIATE ONE
9  OF THE MAIN CONCERNS WE HAD.
10 THE COURT: WELL, SOUNDS LIKE I AM WALKING A FINE
11 LINE. I AM NOT SUPPOSED TO BE INVOLVED IN THE PLEA AGREEMENT
12 OR THE PLEA BARGAINING AT ALL. I HAVE JUST LOOKED AT THE
13 CHARGES.
14 READING BETWEEN THE LINES -- I HAVEN'T SEEN THE PLEA
15 AGREEMENT -- I WILL FAIRLY EVALUATE WHAT COMES TO ME,
16 MR. FRANK, AT THE POINT THAT THERE IS A PLEA. I AM ASSUMING
17 THAT MAYBE THERE WAS A MINOR ROLE RECOMMENDATION AND I HAVE A
18 BIT OF A PROBLEM WITH THAT THAN SOME OTHERS, PARTICULARLY
19 WHERE THERE IS A LARGE AMOUNT OF METHAMPHETAMINE INVOLVED.
20 MR. FRANK: YOUR HONOR'S ASSUMPTION IS CORRECT.
21 OF COURSE, THERE IS A DISTINCTION WITH RESPECT TO EACH OF THE
22 PARTIES IN THE CASE IN TERMS OF -- THAT IS THE ASPECTS OF THE
23 PLEA AGREEMENT THAT WE THOUGHT MIGHT BE IN ISSUE.
24 THE COURT: LET ME TELL YOU, THEN -- I THINK YOU MAY
25 KNOW THIS.

            LET ME TELL YOU WHAT MY STANDARD IS.  UP TO TWO
POINTS I GO ALONG WITH THE MINOR ROLE RECOMMENDATION.  I DEFER
TO THE PARTIES.  I DO THAT, BECAUSE PREDICTABILITY IN
NEGOTIATING PLEA AGREEMENTS IS IMPORTANT AND PLEA AGREEMENTS
ARE IMPORTANT TO THE SYSTEM.
            SO THE PRODUCTIVE LEVEL UNDER THE GUIDELINES IS TWO
POINTS.  IN SOME INSTANCES WITH LARGE AMOUNTS OF DRUGS IT
MAKES A RADICAL DIFFERENCE, WAY MORE THAN TWO POINTS.
SOMETIMES IT EFFECTS A SIX- OR EIGHT-POINT DIFFERENCE UNDER
THE GUIDELINES, WHICH AFTER ALL, ARE ADVISORY ANYWAY.
            WHEN IT GOES BEYOND TWO POINTS, I HAVE SAID MANY
TIMES I RESERVE THE RIGHT TO LOOK AT THE CASE AND MAKE MY OWN
JUDGMENT BEFORE I MAKE THE FINDING THAT A PERSON HAD A MINOR
ROLE.  THAT IS, THAT A PERSON WAS SUBSTANTIALLY LESS CULPABLE
THAN THE AVERAGE PARTICIPANT.  THAT IS THE STANDARD FOR MINOR
ROLE.
            I HAVE SOMETIMES -- SOMEONE WOULD OFTEN DISAGREE.  I
THINK IN MANY INSTANCES IT HAS BECOME A PLEA BARGAINING TOOL
IN THIS DISTRICT.  IT DOESN'T NEED TO BE, BECAUSE THERE IS
OTHER METHODS TO GET TO THAT REQUIRED NUMBER THAT I AM HAPPY
TO DEFER TO.
            FOR EXAMPLE, THE REFRAIN THAT I HEAR OFTEN IS WE ARE
INUNDATED WITH DRUG CASES.  THE U.S. ATTORNEY HAS UP TO FOUR
POINTS FOR FAST TRACK, AND IF THEY MAKE AN INSTITUTIONAL
JUDGMENT THAT A CASE EVEN INVOLVING A LARGE AMOUNT OF

1   METHAMPHETAMINE JUSTIFIES A FOUR-LEVEL DECREASE FOR FAST TRACK
2   BECAUSE THEY HAVE SO MANY OF THEM, I WILL RESPECT THAT.
3            WHAT I OBJECT TO IS WHEN THEY ASK ME TO MAKE
4   FINDINGS THAT I DON'T REALLY FIND, JUST BETWEEN YOU AND ME,
5   ARE DISINGENUOUS FINDINGS.
6            I GET CASES, FOR EXAMPLE, WITH PEOPLE THAT HAVE
7   CROSSED DOPE MANY TIMES.  THEY ARE IN IT UP TO THEIR TIPS.
8   THEY PARTICIPATE IN THE PLANNING AND EVERYTHING ELSE, AND I AM
9   ASKED TO FIND THAT THAT PERSON HAD A MINOR ROLE, AND IN TRUTH
10  AND EFFECT THERE IS NOTHING MINOR ABOUT IT.  IT'S JUST A WAY
11  TO GET TO A NUMBER.  THAT I WON'T DO, BECAUSE IT WOULD REQUIRE
12  ME TO SIGN ON TO A JUDGMENT AND MAKE FINDINGS THAT I DON'T
13  BELIEVE TO BE TRUE.
14           NOW, ARE THERE DIFFERENCES BETWEEN DEFENDANTS IN
15  CASES?  OF COURSE.  THIS MORNING, FOR EXAMPLE -- I GIVE YOU
16  THIS BY WAY OF ILLUSTRATION -- I HAD ONE WHERE SOMEBODY WAS A
17  PASSENGER IN A CAR -- I DON'T KNOW ANYTHING ABOUT THIS CASE.
18  IT IS BY WAY OF ILLUSTRATION.
19           SOMEBODY WAS A PASSENGER, ASKED TO BE BROUGHT ALONG
20  AS WINDOW DRESSING.  I THINK THAT'S THE CLASSIC CASE FOR MINOR
21  ROLE.  BUT IF YOU ARE ASKING ME TO SIMPLY ACCEPT THE
22  RECOMMENDATION AS TO MINOR ROLE IF IT HAS THE EFFECT OF MORE
23  THAN A TWO-POINT DECREASE, I WON'T.  I RESERVE THE RIGHT TO
24  LOOK AT IT, TO MAKE AN INDEPENDENT JUDGMENT AND APPLY THE
25  SECTION.  AND IN SOME CASES I GO ALONG, AND IN SOME CASES I

```
 1   DON'T.
 2            IF THERE IS A WAY TO EFFECT THE SAME RESULT THROUGH
 3   OTHER GUIDELINE CALCULATIONS THAT DON'T REQUIRE ME TO SAY, "I
 4   FIND THIS," OTHER THAN I DEFER TO THE U.S. ATTORNEY THAT THEY
 5   ARE SO OVERWHELMED WITH CASES THAT FOUR POINTS FOR FAST TRACK
 6   IS APPROPRIATE, THEN FINE.  I AM HAPPY TO GO ALONG WITH THAT.
 7   THAT'S THEIR BUSINESS.
 8            BUT I JUST DON'T LIKE BEING PUT IN A POSITION TO
 9   HAVING TO SIGN ON TO SOMETHING THAT INTELLECTUALLY I DON'T
10   BELIEVE IN, IN MY HEART OF HEARTS I DON'T BELIEVE IN, AND IT
11   JUST FACILITATES A DEAL.  I KNOW IT IS THE EASIER WAY TO GO,
12   BUT I AM JUST NOT ON BOARD WITH THAT.  DOES THAT ANSWER YOUR
13   CONCERN?
14            MR. FRANK:  IT DOES.  WE HAVE HAD THIS DISCUSSION IN
15   THE PAST.  JUST AS A POINT OF INTEREST IN THIS MATTER, THE
16   SUGGESTION IN THE PLEA AGREEMENT IS FOR JUST A MINUS TWO FOR
17   ROLE.  IT DOESN'T EXCEED THE AREA IN WHICH THE COURT HAS
18   CONCERNS.
19            THE COURT:  I WANT TO BE CLEAR ABOUT THIS.  HERE IS
20   WHAT IT SOMETIMES DOES IN THE LARGE DRUG CASES.  IF YOU FIND
21   MINOR ROLE THAT IT EFFECTS A REDUCTION FROM 38 TO 34 WHICH
22   MEANS IT'S NOT REALLY TWO POINTS, IT'S SIX POINTS, OR
23   SOMETIMES IN A CASE OF METHAMPHETAMINE -- AND AGAIN, I KNOW
24   NOTHING ABOUT THIS CASE OTHER THAN I TOOK A BRIEF LOOK AT THE
25   CHARGES, METHAMPHETAMINE -- IF IT IS OVER 1.5 KILOS THAT'S
```

1   BEING IMPORTED, THE GUIDELINES SAY PLUS TWO BEYOND THE
2   STARTING GUIDELINE LEVEL, AND IF IT IS A ROLE -- IF IT'S A
3   ROLE REDUCTION, THEN THAT DOESN'T APPLY.
4          SO CONCEIVABLY, IT COULD BE UP TO EIGHT IN A
5   PARTICULAR CASE.  ALL I AM TELLING YOU -- AND AGAIN, I HAVE NO
6   BASIS FOR JUDGING THIS, AND I AM NOT GOING TO VIOLATE RULE 11
7   BY GIVING YOU FORECASTS OF WHAT I AM LIKELY TO DO OTHER THAN
8   TO TELL YOU I AM GOING TO FOLLOW THE RULES.  I AM GOING TO
9   LOOK AT IT CAREFULLY AND CONSCIENTIOUSLY AND COME TO MY BEST
10  JUDGMENT.
11         AS I SAID, I AM NOT AGAINST GIVING MINOR ROLE IN AN
12  APPROPRIATE CASE, NOT AT ALL.  AS I SAID, I DID IT THIS
13  MORNING IN A CASE INVOLVING AMOUNTS OF METHAMPHETAMINE OVER
14  ONE AND A HALF KILOS WITH THE PASSENGER THAT I WAS CONVINCED
15  WAS JUST BROUGHT ALONG TO ALLAY THE SUSPICION OF THE BORDER
16  GUARDS.
17         THAT IS BY WAY OF ILLUSTRATION FOR YOU OF HOW I
18  EVALUATE IT.  IF THAT'S HELPFUL, THEN I AM HAPPY TO SEND YOU
19  DOWN TO JUDGE MAJOR OR SET IT FOR TRIAL, ONE OF THE TWO.
20         MR. FRANK:  IT IS HELPFUL, YOUR HONOR.  AT LEAST ON
21  BEHALF OF MS. QUINTERO.  SHE DOES DESIRE TO ENTER A PLEA OF
22  GUILTY, WHETHER YOUR HONOR WANTS TO ACCEPT THAT OR WANTS TO
23  SEND IT TO JUDGE MAJOR.
24         THE COURT:  I PREFER TO SEND IT TO THE MAGISTRATE
25  JUDGE.  SHE IS PREPARED TO TAKE IT RIGHT NOW.

8

1              I KNOW YOU PATIENTLY WAITED.  YOU KNOW, MR. RAMIREZ,
2  YOUR LAWYER IS TIED UP SOMEWHERE ELSE.  HAS HE TALKED TO YOU
3  ABOUT A POSSIBLE RESOLUTION OF THIS CASE?
4          THE DEFENDANT:  NO, JUDGE.  I JUST WANT TO END THIS,
5  AND WHATEVER YOU WANT TO SAY WITH MINOR ROLE, JUST GIVE ME THE
6  TIME.
7          THE COURT:  I AM NOT SAYING THAT.  WHAT I AM TELLING
8  YOU IS I LOOK AT IT BEFORE I JUST AUTOMATICALLY CHECK THE BOX.
9          THE DEFENDANT:  IT'S A HIGH AMOUNT OF DRUGS.
10         MS. LOPEZ:  MAY I HAVE A MOMENT, YOUR HONOR?
11         THE COURT:  YES.
12         MS. KANTER:  YOUR HONOR, WHILE THEY ARE TALKING,
13  I'LL MAKE MY APPEARANCE.
14         REBECCA KANTER FOR THE UNITED STATES.
15         MS. LOPEZ:  YOUR HONOR, LINDA LOPEZ APPEARING FROM
16  FEDERAL DEFENDERS.
17         I ADVISED HIM ON THAT.
18         THE COURT:  MR. RAMIREZ, YOU DON'T WANT TO TALK TO
19  ME ABOUT THE CASE NOW.  I HAVEN'T PREJUDGED YOUR CASE AT ALL.
20  I HAVE ONE PIECE OF PAPER WITH SOME ACCUSATIONS AGAINST YOU.
21  YOU ARE PRESUMED TO BE NOT GUILTY AT THIS POINT.
22         MR. FRANK ASKED ME A QUESTION ABOUT HYPOTHETICALLY
23  WHAT WOULD I BE LIKELY TO DO, AND I'M TELLING YOU, I'LL GIVE
24  IT MY BEST JUDGMENT.  I AM GOING TO BE FAIR ABOUT IT.  I AM
25  NOT A GUY THAT SIMPLY GOES ALONG FOR EXPEDIENCY.  I DON'T DO

```
 1   THAT.  IT IS WHAT IT IS.
 2           I'LL GIVE YOU A FAIR JUDGMENT ON IT.  IF YOU
 3   CONTEMPLATE A MINOR ROLE AND YOU HAVE A MINOR ROLE, THEN YOU
 4   CAN EXPECT TO GET THAT.  IF IN YOUR HEART OF HEARTS
 5   CONSIDERING WHAT YOU DID YOU DON'T THINK YOU WERE MINOR, THEN
 6   YOU SHOULDN'T EXPECT TO GET IT.  THAT'S THE WAY IT'S GOING TO
 7   CUT.  IT IS UP TO YOU WHETHER YOU WANT TO ACCEPT THE
 8   GOVERNMENT'S DEAL OR NOT.  IF YOU DON'T, I'LL EMPANEL A JURY
 9   AND YOU GET A FAIR TRIAL HERE.  SO THOSE ARE EXCLUSIVELY YOUR
10   CHOICES.
11           THE DEFENDANT:  I ACCEPT IT.
12           MR. FRANK:  I WILL TRY TO FIND MR. CROWLEY.
13           THE COURT:  WE WILL SEND MS. QUINTERO'S CASE DOWN TO
14   JUDGE MAJOR FORTHWITH.  AND THEN AS SOON AS MR. CROWLEY HAD A
15   CHANCE TO CONVERSE WITH MR. RAMIREZ, IF YOU DECIDE YOU WANT TO
16   GO FORWARD WITH THE DISPOSITION, WE'LL SEND YOU DOWN TO THE
17   MAGISTRATE JUDGE.  IF YOU DON'T AND YOU WANT A TRIAL, I'LL SET
18   IT FOR TRIAL.  SO WAIT AND TALK TO YOUR LAWYER AND THEN YOU
19   CAN LET ME KNOW.  BUT FOR NOW, IF YOU'LL TAKE MS. QUINTERO
20   DOWN TO JUDGE MAJOR.  THEY ARE WAITING FOR YOU.
21           THE CLERK:  THE MAXIMUM TRIAL DATE IS THE 27TH.
22           THE COURT:  I NEED TO SET A TRIAL DATE HERE IN CASE
23   THERE IS SOME GLITCH.  NO MOTIONS HAVE BEEN FILED.  I AM
24   INFORMED THAT THE MAXIMUM TRIAL DATE IS THE 27TH OF DECEMBER.
25   I DON'T WANT TO BE HERE THEN.  I DON'T THINK YOU DO EITHER,
```

10

```
 1  BUT IF DUTY CALLS, WE WILL BE HERE.
 2          I AM GOING TO SET IT FOR TRIAL ON DECEMBER 27TH AT
 3  9 O'CLOCK.  I WILL VACATE THAT UPON LEARNING THAT THERE HAS
 4  BEEN A DISPOSITION IN THE CASE.
 5          DECEMBER 27TH AT 9 O'CLOCK FOR MOTIONS IN LIMINE AND
 6  AT 9:30 WE WILL EMPANEL A JURY.
 7          MR. RAMIREZ, I THINK WHAT I'LL DO IS HAVE YOU WAIT
 8  UNTIL MR. CROWLEY GETS HERE AND THEN LET ME KNOW WHAT YOU WANT
 9  TO DO.
10          THE DEFENDANT:  THANK YOU, YOUR HONOR.
11                          --O0O--
12          THE CLERK:  BACK ON NO. 29.
13          MR. CROWLEY:  MICHAEL CROWLEY FOR MR. RAMIREZ.
14          THE COURT:  MR. FRANK WAS HERE -- YOUR CLIENT WILL
15  BE BROUGHT BACK OUT.  I DON'T KNOW EXACTLY WHAT HIS INTENTION
16  WAS, BUT I READ IT AS A CHANCE TO KIND OF GET A FORECAST FROM
17  ME ABOUT WHETHER I WAS GOING TO GO ALONG WITH THE PLEA
18  AGREEMENT I HAVEN'T EVEN SEEN.
19          ALL I HAVE IN BOTH CASES IS JUST A CHARGING PAPER
20  AND NO MOTIONS OR ANYTHING ELSE.  SO WE HAD A DISCUSSION ABOUT
21  THAT IN THE ABSTRACT.  I THINK IT HAD TO DO WITH MINOR ROLE,
22  AND YOU KNOW WHAT MY STANDARD IS.  I LOOK AND TRY TO
23  FAITHFULLY APPLY THE SECTION, AND IF IT APPLIES, I APPLY IT.
24  IF IT DOESN'T, I DON'T.
25          MR. CROWLEY:  UNDERSTOOD.
```

11

1   THE COURT:  ALL THAT OCCURRED IN FRONT OF
2   MR. RAMIREZ.  SO I THINK HE FLOWS WHERE I AM ON THAT.
3   IF YOU WANT TO GO DOWN IN FRONT OF JUDGE MAJOR, I'LL
4   SEND YOU DOWN.  SHE DOESN'T HAVE ANYTHING ELSE GOING ON.  I
5   THINK MR. FRANK IS DOWN THERE NOW.  I SENT ONE OTHER CASE DOWN
6   THERE, BUT I HAVE A FEELING IF THERE IS A DISPOSITION, YOU
7   COULD BE HEARD FAIRLY QUICKLY.  IT'S UP TO YOU.  MR. RAMIREZ
8   MIGHT ALSO WANT A JURY TRIAL.  HE GETS THAT IF HE WANTS IT.
9   MR. CROWLEY:  UNDERSTOOD.
10  AND I HAVE HAD A RECENT CONVERSATION WITH
11  MR. RAMIREZ, AND I AM SURE THAT HE DOES WANT TO DO THE PLEA,
12  SO WE WILL GO DOWN TO JUDGE MAJOR.
13  THE COURT:  SHE IS IN COURTROOM A.
14  THE SPEEDY TRIAL CLOCKS RUNS ON THE 27TH OF
15  DECEMBER.
16  MR. CROWLEY:  THAT'S WHY THE PLEA SHOULD HAPPEN
17  TODAY.
18  THE COURT:  IT HAS TO OR ELSE YOU BETTER GET YOUR
19  BLUE SUIT CLEANED AND BE READY FOR JURY IMPANELMENT ON THE
20  27TH OF DECEMBER AT 9 O'CLOCK FOR MOTIONS IN LIMINE.
21  9:30 FOR TRIAL ON DECEMBER 27TH UNLESS THERE IS A
22  DISPOSITION IN THE CASE.
23  IF THERE IS, I'LL VACATE IT UPON NOTICE FROM YOU.
24  MR. CROWLEY:  THANK YOU, YOUR HONOR.
25  --OOO--

1        I HEREBY CERTIFY THAT THE TESTIMONY
2        ADDUCED IN THE FOREGOING MATTER IS
3        A TRUE RECORD OF SAID PROCEEDINGS.
4        <u>S/EVA OEMICK                    5-15-08</u>
5        EVA OEMICK                         DATE
         OFFICIAL COURT REPORTER

COMPUTER-AIDED TRANSCRIPTION